# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DICK PACIFIC/GHEMM, JV,<br>on behalf of W.A. Bottling Company, | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-462C |
| v. | ) | |
| | ) | (Judge Baskir) |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## ANSWER

For its answer to the complaint of plaintiff, Dick Pacific/Ghemm, JV ("Dick Pacific"), on behalf of W.A. Bottling Company ("Bottling"), defendant admits, denies, and alleges as follows:

PARTIES AND JURISDICTION

1. Admits.

2. Admits.

3. Admits.

4. Admits the allegations contained in the first sentence of paragraph 4. The allegations contained in the second sentence of paragraph 4 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## STATEMENT OF FACTS

5. Defendant's responses to paragraphs 1 through 4 of the complaint are incorporated by reference.

6. Admits.

7. Admits the allegations contained in the first sentence of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 7, and further avers that FAR 52.216-14 is not the Economic Price Adjustment – Labor and Materials clause.

8. Admits the allegations contained in paragraph 8, and further avers that the current contemplated contract completion date is July 14, 2006.

9. Admits the allegations contained in the first and second sentences of paragraph 9 that Dick Pacific's subcontractor, Bottling, requested an adjustment under the contract economic price adjustment clause on or about May 8, 2003, and submitted a revised request for adjustment on or about December 23, 2003. Denies the

remainder of the allegations contained in paragraph 9.

10. Admits.

11. Admits the allegation contained in paragraph 11 that Dick Pacific requested a contracting officer's final decision on January 3, 2005; denies the remainder of the allegations contained in paragraph 11.

12. Admits.

13. The allegations contained in paragraph 13 are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Denies the allegations contained in the first sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 14 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

## FIRST CAUSE OF ACTION: EQUITABLE ADJUSTMENT

16. Defendant's responses to paragraphs 1 through 15 of the complaint are incorporated by reference.

17. Denies.

18. Admits the allegations contained in the first sentence of paragraph 18 that the Defendant has not made an equitable adjustment to Bottling's contract with the Dick Pacific, and further avers that the Defendant is not required to do so. Denies the allegations contained in the second sentence of paragraph 18.

## SECOND CAUSE OF ACTION: BREACH OF CONTRACT

19. Defendant's responses to paragraphs 1 through 18 of the complaint are incorporated by reference.

20. Denies.

21. Denies.

## THIRD CAUSE OF ACTION: QUANTUM MERUIT

22. Defendant's responses to paragraphs 1 through 21 of the complaint are incorporated by reference.

23. Denies.

24. Denies the allegations contained in paragraph 24 for lack of

knowledge or information sufficient to form a belief as to their truth.

25. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 24, or to any relief whatsoever.

26. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

August 9, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 9th day of July, 2005, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice